IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLIE CALDWELL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL NO. 2:05-CV-0611-F-B |
| | * | |
| VETERANS ADMINISTRATION | * | |
| HOSPITAL, DR. WILLIAM L. | * | |
| HOLMAN, JANSSEN | * | |
| PHARMACEUTICAL COMPANY, | * | |
| | * | |
| Defendants. | * | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS AND/OR
MOTION FOR MORE DEFINITIVE STATEMENT**

Defendant Janssen files this brief in support of its motion to dismiss and/or motion for more definite statement.

**FACTUAL BACKGROUND**

The only factual allegation in the Plaintiff's Complaint is that "Fred L. Caldwell died in the V.A. Hospital of an illness that should have been detected long before it caused his death." *See* Complaint, ¶ 5. On those allegations alone, Plaintiff alleges that the defendants are liable to him for discrimination, medical malpractice and for the wrongful death of Fred L. Caldwell. *Id.* Without distinguishing which defendants are liable for which claim, Plaintiff simply alleges that "the above named defendants" are liable and seeks damages in the amount of $250 million. *Id.* at ¶ 6.

# LEGAL ARGUMENT

## I. THE COMPLAINT FAILS TO STATE A CAUSE OF ACTION

### 1. Plaintiff Charlie L. Caldwell, Individually, Does Not Have Standing to Assert a Wrongful Death Claim.

The right to sue for wrongful death is a statutory right, which allows the decedent's "personal representative" to bring the action. Ala. Code § 6-5-410. The Alabama Supreme Court has made clear that the term "personal representative" in Section 6-5-410 refers solely to "the executor or administrator or the testator or the intestate" and only such persons may commence an action under the provision. *See Buck v. City of Rainsville*, 572 So.2d 419, 421 n.3 (Ala. 1990); *Downtown Nursing Home, Inc. v. Pool*, 375 So.2d 465, 466 (Ala. 1979). This limitation is strictly applied.

In *Pool*, the court dismissed an action as time-barred where the decedent's son brought suit prior to the running of the two-year limitations period and then, after the period had expired, filed an amendment purporting to substitute as plaintiff the court-appointed administrator of the decedent's estate. 375 So.2d at 466. The Court held that because the son was not his father's personal representative he never had standing to sue for wrongful death. *Id.* As such, his action was a "nullity" and there was nothing to which the attempted amendment could relate back. *Id.*

In the present action, Plaintiff does not allege in the Complaint that this action is filed by him as personal representative or even that he is filing it on behalf of the estate of Fred L. Caldwell, the decedent, and therefore the wrongful death claim is due to be dismissed.

### 2. Plaintiff's Claim of "Medical Malpractice" Fails as a Matter of Law.

The Complaint appears to allege claims arising from treatment Fred L. Caldwell received from the Veterans Administration Hospital and its physicians, but not Janssen. Regardless of whether Plaintiff is seeking any claim against Janssen for "medical malpractice," such a claim

would vest with Fred L. Caldwell, not Charlie L. Caldwell who is the Plaintiff in this action. Thus, the claim for "medical malpractice" brought by Plaintiff must be dismissed.

In Alabama, a deceased's unfilled tort claim does not survive the death of the putative plaintiff. Ala. Code § 6-5-462. "It is only where the plaintiff has filed a personal injury action *before* his death, *then* dies, that both the wrongful death and personal injury claims may be maintained." *Huckaby v. East Alabama Medical Ctr.,* 830 F.Supp.1399, 1403 (M.D. Ala. 1993). As a result, any claim the decedent may have had for "medical malpractice" abated upon his death. *See Missildine v. City of Montgomery,* 907 F. Supp.1501, 1504 (M.D. Ala. 1995) (holding that unfilled tort claim does not survive death in favor of personal representative); *see also McCulley v. SouthTrust Bank*, 575 So.2d 1106, 1007(Ala. 1991)(holding summary judgment proper on tort claims because they did not survive the death of the allegedly injured party in favor of the personal representative). Therefore, Plaintiff's "medical malpractice" claim should be dismissed. *See Huckaby*, 830 F. Supp. at 1403.

Notwithstanding Plaintiff's lack of standing to assert a claim for "medical malpractice" and the abatement of any tort claims, his claim also fails because the Complaint lacks "a detailed specification and factual description of each and every act and omission alleged by plaintiff to render the healthcare provider liable." Ala. Code § 6-5-551. This section of the Code states that "any complaint that fails to include such detailed specification and factual description of each act and omission shall be subject to dismissal for failure to state a claim upon which relief can be granted." *Id.* Plaintiff's complaint fails to satisfy the specific pleading requirements of § 6-5-551, in that he fails to identify <u>any</u> specific instance or incident of alleged negligent conduct by Janssen upon which Plaintiff predicates his damages. Plaintiff's Complaint fails to plead a cause

3

of action against Janssen with the statutorily required specificity mandated by Alabama law and is due to be dismissed.

### 3. The "Discrimination" Claim Also Fails as a Matter of Law.

To the extent the Complaint seeks to allege a claim for "discrimination" against Janssen, that claim should also be dismissed based upon Plaintiff's lack of standing to bring such claims, as discussed above. In addition, Plaintiff has failed to assert any allegations in support of a claim of discrimination. Because Plaintiff's claim is one in which "the inference of discrimination is totally lacking," it should be dismissed. *Johnson v. Waters*, 970 F. Supp. 991 (M.D. Ala. 1997).

Even if a bare assertion of discrimination with no supporting evidence or further allegation were permitted under the most liberal of pleadings, Plaintiff's claim is still moot. The Supreme Court of Alabama has held that a claim under federal statutes for discrimination which results in death is only recoverable under § 6-5-410. *City of Tarrant v. Jefferson*, 682 So. 2d 29, 30 (Ala. 1996). Because federal discrimination statutes do not provide for survivability of claims, any claim for discrimination suffered by Fred L. Caldwell abated at death or is subsumed in Plaintiff's improper claim for wrongful death. *Id.* As stated above, Plaintiff's claim for wrongful death is due to be dismissed. Plaintiff's claim for "discrimination" is therefore unsupported and should be dismissed as a matter of law.

### II. The Complaint Fails to Comply With The Pleading Requirements of Rule 12 (e)

Rule 12(e) authorizes the Court to require a more definite statement whenever a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P.12(e). Where, as is the case here, the Complaint is so vague and ambiguous that Janssen has not been given adequate notice of the claims against it, and thus Janssen cannot formulate a proper responsive pleading, Courts require the plaintiff to provide a more definite statement of its claims. *See e.g., Anderson-Free v. Steptoe*, 970 F. Supp. 945, 956

(M.D.Ala. 1997) (requiring a more definite statement to provide defendants with suitable notice as to plaintiff's theories underlying her claim). Indeed, when faced with such a vague pleading, "the defendant is <u>expected</u> to move the Court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." *Anderson v. Dist. Bd. Of Trs.,* 77 F.3d 364, 366 (11th Cir. 1996) (emphasis added). In the present action, the Complaint leaves Janssen searching to determine what exactly Plaintiff contends it did wrong. The allegations of the Complaint are so vague or ambiguous with respect to the allegations against Janssen that it cannot reasonably be required to frame a responsive pleading.

WHEREFORE, Janssen moves to dismiss the Complaint with prejudice. In the alternative, Janssen moves the Court to order Plaintiff to file a more definite statement.

**/s/ Russell C. Buffkin**
FREDERICK G. HELMSING (HEL008)
RUSSELL C. BUFFKIN (BUF008)
Attorneys for Defendant, Janssen
Pharmaceutica Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2005, a true and correct copy of the foregoing was served by United States **Certified Mail**, postage prepaid, properly addressed to:

Charlie Caldwell
Post Office Box 9288
Montgomery, Alabama  36108

U.S. Attorney General
Honorable Alberto Gonzales
950 Pennsylvania Avenue
Northwest
Washington, D.C. 20530

Department of Veterans Affairs
700 South 19th
Birmingham, Alabama  35233

Dr. William L. Holman
V.A. Medical Center
700 South 19th Street
Birmingham, Alabama  35233

Secretary of Veterans Affairs
Honorable R. James Nicholson
810 Vermont Avenue N.W.
Washington, D.C. 20420

U.S. Attorney
Leura Canary
One Court Square
Montgomery, Alabama  36101

                                    **/s/ Russell C. Buffkin**
                                    OF COUNSEL