**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| CHARLIE L. CALDWELL, | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | *   CIVIL NO. 2:05-CV-0611-F-B |
| | * |
| VETERANS ADMINISTRATION HOSPITAL, DR. WILLIAM L. HOLMAN, JANSSEN PHARMACEUTICAL COMPANY, | * |
| | * |
|     Defendants. | * |

**JANSSEN PHARMACEUTICA, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Janssen Pharmaceutica, Inc. (erroneously identified in the Complaint as "Janssen Pharmaceutical Company") (hereinafter "Janssen"), by and through counsel, hereby responds to the allegations set forth in Plaintiff's Complaint and states as follows:

### A. VENUE

Janssen denies that the United States District Court of Alabama, Northern Division is the proper venue for the claims asserted by Plaintiff.

### B. FAILURE TO STATE A CLAIM

Plaintiff's Complaint fails to state any claim against Janssen upon which relief can be granted.

### C. PARTIES

    1.    Janssen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 1 and therefore denies them.

2. Janssen admits that it has accepted service and appears in this action by way of this Answer. Except as so admitted, Janssen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 2 and therefore denies them.

3. Janssen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 3 and therefore denies them. Janssen expressly denies that it violated the civil rights of, or caused any injury to, Plaintiff and/or Plaintiff's decedent and/or Plaintiff's decedent's family members.

4. Janssen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 4 and therefore denies them. Janssen expressly denies that it violated the civil rights of, or caused any injury to, Plaintiff and/or Plaintiff's decedent and/or Plaintiff's decedent's family members.

5. Janssen lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence in ¶ 5 and therefore denies them. Janssen denies the allegations in the second sentence in ¶ 5. Janssen expressly denies that Plaintiff is entitled to relief under any theory alleged in the Complaint. Plaintiff's jury demand is not an allegation, and therefore no response is required. To the extent that a response is deemed to be required, that allegation is also denied.

6. Janssen denies that Plaintiff is entitled to any relief under any theory of liability alleged in the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Improper Venue)

Janssen denies that the United States District Court, Middle District of Alabama, Northern Division is the proper venue for plaintiff's claims.

### SECOND AFFIRMATIVE DEFENSE
(Statute of Limitations)

Each of the purported claims in Plaintiff's Complaint is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
(Assumption of Risk)

Plaintiff and/or Plaintiff's decedent knowingly and voluntarily assumed any and all risks as to matters alleged in the Complaint, and such assumption of the risk bars in whole or in part the damages Plaintiff seeks to recover herein.

### FOURTH AFFIRMATIVE DEFENSE
(No Dealings With Plaintiffs)

Plaintiff's claims are due to be dismissed because neither Janssen nor any of its representatives or agents dealt with Plaintiff or Plaintiff's decedent.

### FIFTH AFFIRMATIVE DEFENSE
(Due Process)

Plaintiff's claims for damages and/or punitive damages violate Janssen's rights to due process and are thus barred by the Alabama Constitution and the Constitution of the United States of America.

### SIXTH AFFIRMATIVE DEFENSE
(Fault of Others)

The alleged injuries, losses, or damages, if any, were caused by the negligence, carelessness, fault, strict liability, or omissions of third parties for which Janssen has no responsibility.

### SEVENTH AFFIRMATIVE DEFENSE
(Lack of Standing)

Plaintiff's claims should be dismissed because Plaintiff lacks standing.

### EIGHTH AFFIRMATIVE DEFENSE
(Survival Action Not Appropriate)

A survival action is not appropriate. Any claims under the survival statute should be dismissed.

### NINTH AFFIRMATIVE DEFENSE
(Abatement)

Plaintiff's claims should be dismissed because as the doctrine of abatement.

### TENTH AFFIRMATIVE DEFENSE
(Failure to Exhaust Remedies)

Plaintiff's claims are barred because Plaintiff has failed to exhaust all administrative remedies.

### ELEVENTH AFFIRMATIVE DEFENSE
(Failure to Meet Statutory Requirements)

Plaintiff's claims are barred for failure to satisfy all statutory requirements which may entitle Plaintiff to relief.

### TWELFTH AFFIRMATIVE DEFENSE
(Res Judicata)

Plaintiff's claims may be barred under the doctrine of res judicata.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Punitive and Exemplary Damages Not Proper)

Any award of punitive damages in this action would violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, as well as the Alabama Constitution.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Failure to Plead with Particularity

Plaintiff fails to allege any specific claim against Janssen.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Adoption of Other Defenses)

Janssen hereby gives notice that it intends to rely upon any other affirmative defenses pled by any other Defendant and not pled by itself in this action to the extent they do not conflict with Janssen's own affirmative defenses. Janssen reserves its right to amend its Answer to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.

## JURY DEMAND

Janssen requests a trial by jury of this action.

## DEMAND FOR JUDGMENT

WHEREFORE, Defendant Janssen Pharmaceutica Inc. denies the allegations of Plaintiff's prayers for relief and prays that its own Answer be deemed good and sufficient and that after due proceedings had that: (1) there be judgment in favor of Janssen; (2) the Complaint be dismissed with prejudice and at Plaintiff's cost; and (3) Janssen be granted its costs and expenses herein and such other further and equitable relief as the court may deem just and proper.

Respectfully submitted this 18th day of August, 2005.

/s/ Russell C. Buffkin
FREDERICK G. HELMSING (HEL008)
RUSSELL C. BUFFKIN (BUF008)
Attorneys for Defendant, Janssen
Pharmaceutica Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of August, 2005, a true and correct copy of the foregoing was served by United States Mail, postage prepaid, properly addressed to:

Charlie Caldwell
Post Office Box 9288
Montgomery, Alabama 36108

U.S. Attorney General
Honorable Alberto Gonzales
950 Pennsylvania Avenue Northwest
Washington, D.C. 20530

Department of Veterans Affairs
700 South 19th
Birmingham, Alabama  35233

Dr. William L. Holman
V.A. Medical Center
700 South 19th Street
Birmingham, Alabama  35233

Secretary of Veterans Affairs
Honorable R. James Nicholson
810 Vermont Avenue N.W.
Washington, D.C. 20420

U.S. Attorney
Leura Canary
One Court Square
Montgomery, Alabama  36101

**/s/ Russell C. Buffkin**
OF COUNSEL