IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHARLIE L. CALDWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No.: **2:05-CV-0611-F-B** ) |
| VETERANS ADMINISTRATION HOSPITAL, et al., | ) ) ) |
| Defendants. | ) |

## UNITED STATES' MOTION TO DISMISS

COMES NOW Defendant the United States, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and pursuant to Ruled 12 (b)(1) of the Federal Rules of Civil Procedure, moves this Court to dismiss plaintiff's claims for lack of subject-matter jurisdiction. In support of this motion, the United States advances the following grounds:

1. Plaintiff, Charlie Caldwell, brings tort claims against defendants Dr. William L. Holman, the Veterans Administration Hospital, and others, arising from the death of Fred L. Caldwell while a patient at the VA Hospital. *See* Complaint, ¶ 5.

2. Defendant Dr. Holman is currently the Chief of Cardiothoracic Surgery at the Veterans Administration Hospital in Birmingham, Alabama. At the time of the incident giving rise to the complaint, he was Chief of Cardiovascular Surgery. At all times relative to the incident giving rise to this complaint, Dr. Holman was in performance of his official duties at the Veterans Administration Hospital.

3. Pursuant to 28 U.S.C. § 2679 (d)(1), The United States Attorney has certified that Dr. Holman was acting within the scope of his federal office or employment at the time of the incident giving rise to plaintiff's claims. *See* Scope-of-Employment Certification, Exhibit 1 to Notice of Substitution filed herewith. The Attorney General's scope-of-employment certification has the effect of substituting the United States as party defendant in place of Dr. Holman. 28 U.S.C. 2679 (d)(1). *See also, Matsushita Electric Company v. Zeigler*, 158 F.3d 1167, 1168-71 (11th Cir. 1998), *cert. denied*, 526 U.S. 1098 (1999).

4. Pursuant to 28 U.S.C. § 2679 (d)(4), this action shall proceed as one against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 (b), 2671-2680, and this Court's subject-matter jurisdiction is circumscribed by the FTCA's jurisdictional limits and exceptions.

5. This Court lacks subject-matter jurisdiction because plaintiff has not presented an administrative claim to the appropriate federal agency as required by 28 U.S.C. § 2675 (a). Before a tort suit against the United States may be commenced, an administrative claim must first be presented to and denied by the appropriate federal agency. *Id*. The FTCA's administrative claim requirement is jurisdictional and must be strictly construed. *McNeil v. United States*, 508 U.S. 106, 111-113 (1993); *Suarez v. United States*, 22 F.3d 1064, 1065-66 (11th Cir. 1994). The administrative claim requirement cannot be waived. *Barnett v. Okeechobee Hospital*, 283 F.3d 1232, 1237

(11th Cir. 2002). The Supreme Court has made it absolutely clear that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil,* 508 U.S. at 113.

6. The Westfall Act specifically contemplates that failure to comply with the FTCA's administrative claim requirement mandates dismissal. 28 U.S.C. § 2679 (d)(5).

7. Plaintiff has not filed an administrative claim with the Department of Veterans Affairs. *See* Declaration of Mary E. Barrett, attached as Exhibit 1.

8. In addition, the Veterans Administration Hospital is not a proper party defendant in this action. An action against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of federal agencies or employees. 28 U.S.C. § 2679 (a); (b)(1). "It is beyond dispute that the United States and not the responsible agency or employee is the proper party defendant in a Federal Tort Claims Act Suit." *Galvin v. OSHA*, 860 F.2d 181, 183 (5th Cir. 1988). "An FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction." *Id.* Accordingly, this Court lacks subject-matter jurisdiction over plaintiff's claims against the Veterans Administration Hospital.

**WHEREFORE**, plaintiff's claims against Dr. William L. Holman and the Veterans Administration Hospital should be dismissed in their entirety for lack of subject-matter jurisdiction.

Respectfully submitted this 9th day of September, 2005.

                        LEURA G. CANARY
                        United States Attorney

By:  s/Stephen M. Doyle
      STEPHEN M. DOYLE
      Chief, Civil Division
      Assistant United States Attorney
      Attorney for Defendant
      Post Office Box 197
      Montgomery, AL  36101-0197
      District of Columbia Bar No. 422474
      Telephone No.: (334) 223-7280
      Facsimile No.: (334) 223-7418
      **E-mail:  stephen.doyle@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that on September 9th, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

    Russell Crandle Buffkin (rcb@helmsinglaw.com, thb@helmsinglaw.com)
    **Attorney for Defendant, Janssen Pharmaceutical Company**

and I hereby certify that I have mailed, by United States Postal Service, a copy of same to the following non-CM/ECF participant(s):

    Charlie Caldwell
    Post Office Box 9288
    Montgomery, AL 36108
    **Plaintiff**

Dated this 9th day of September, 2005.

    s/Stephen M. Doyle
    Assistant United States Attorney