IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CHARLIE CALDWELL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL NO. 2:05-CV-0611-F-B |
| | * | |
| VETERANS ADMINISTRATION | * | |
| HOSPITAL, DR. WILLIAM L. | * | |
| HOLMAN, JANSSEN | * | |
| PHARMACEUTICAL COMPANY, | * | |
| | * | |
| Defendants. | * | |

**DEFENDANT JANSSEN PHARMACEUTICA, INC.'S
REPLY TO PLAINTIFF'S RECENT FILINGS**

Defendant, Janssen Pharmaceutica, Inc. (erroneously identified in the Complaint as "Janssen Pharmaceutical Company") (hereinafter "Janssen"), files this reply to several recent filings made by *pro se* Plaintiff, Charlie L. Caldwell ("Plaintiff").  For the reasons stated below, and those stated previously in Janssen's motion to dismiss and supporting brief (Docs. 14 and 15), the motion to dismiss is due to be granted, and the Court should enter an order dismissing all claims against Janssen with prejudice.

**PROCEDURAL BACKGROUND[1]**

Plaintiff commenced this action on June 29, 2005.  On August 3, 2005, Janssen filed a Motion to Dismiss and/or Motion for More Definite Statement.  The Court entered an Order on August 18, 2005, directing Plaintiff to respond no later than September 6, 2005, to show cause

---

[1] In addition to Janssen, plaintiff has also sued the Veterans Administration Hospital/Department of Veteran Affairs Medical Center and Dr. William L. Holman, M.D.  The United States filed a Notice substituting itself as Party Defendant for Dr. Holman, which the Court has granted.  The United States also filed a Motion to Dismiss Plaintiff's Claims for lack of subject matter jurisdiction based on failure of Plaintiff to exhaust his administrative remedies.  The United States further seeks dismissal of the Veterans Administration Hospital on the grounds that the exclusive remedy for tort arising from the actions of federal agencies or employees is an action against the United States.

why the motion to dismiss should not be granted. This deadline was subsequently extended to September 20, 2005.

On September 6, 2005, Plaintiff filed "A Motion to Squash [sic] Defendant's Motion to Dismiss," and/or "Motion for Definitive Statement as Requested". The Court denied both of these motions by Order dated September 9, 2005.

On September 12, 2005, without seeking leave of Court,[2] Plaintiff filed a pleading entitled "Separation of Claim". This document states that it is filed pursuant to Fed.R.Civ.P. 9(g) and appears to be an attempt by Plaintiff to state his damages specifically as to each defendant and each cause of action. However, Plaintiff includes language specifying damages claimed under causes of action that were not included in the Complaint.

On September 19, 2005, Plaintiff filed a "Motion to Add Joinder as Defendant." This motion is unintelligible. On October 6, 2005, Plaintiff filed a "Motiom [sic] for a Stay" requesting a 30 day stay so Plaintiff can contact defendants to negotiate a settlement.

As of this date, Plaintiff has not filed a response to the Motion to Dismiss as ordered by the Court.

## ALLEGATIONS AGAINST JANSSEN

The entirety of the facts alleged in the Complaint are as follows:

> FRED L. CALDWELL DIEDED IN THE V.A. HOSPITAL OF AN ILLNESS THAT SHOULD HAVE BEEN DETECTED LONG BEFORE IT CAUSED HIS DEATH. I AM CHARGING THE ABOVE NAMED DEFENDANTS WITH DISCRIMINATION, MEDICAL MAL-PRACTICE, WRONG-FULL DEATH AND STRESS THAT WAS FORCED ON THE FAMILY MEMBERS…PLAINTIFF DEMAND A TRIAL BY JURY. [sic]

---

[2] The "Separation of Claim" is thus due to be stricken, to the extent it represents an effort to amend the Complaint without the required leave to amend. *See* Fed.R.Civ.P. 15(a).

2

Complaint, ¶5. The Complaint does not state any factual act or omission that is alleged to constitute negligence or some other wrongdoing by Janssen.

The "Separation of Claim" provides that it is filed under Fed.R.Civ.P. 9(g), which concerns pleading of special damages. To the extent plaintiff also intends the "Separation of Claim" to amend his Complaint by adding additional claims -- and putting aside Plaintiff's failure to seek leave of court, as required by Fed.R.Civ.P. 15(a) -- it is abundantly clear that the "Separation of Claim" does not plead any additional facts that would support a claim for relief against Janssen. The statements made in the "Separation of Claim" against Janssen are in their entirety:

> PLAINTIFF HOLDS JANSSEN PHARMACEUTICA INC…FOR WRONGFULL DEATH, NEGLIGENCE,, AND VIOLATING A PUBLIC TRUST…FOR A WRONGFUL DEATH, WE ARE SEEKING TEN MILLION DOLLARS..FOR NEGLIGENCE, WE ARE SEEKING, TEN MILLION DOLLARS FOR VIOLATING THE PUBLIC TRUST, WE ARE SEEKING TEN MILLION DOLLARS..WE ARE SEEKING ONE HUNDRED MILLION DOLLARS IN PUNITIVE DAMAGES…[sic].

Separation of Claim at 2.

## ARGUMENT

1. **Because Plaintiff Has Failed To Respond To The Court's "Show Cause" Order, His Claims Should Be Dismissed With Prejudice.**

Because Plaintiff has failed to follow the Court's direction in its August 18, 2005 Order, "to show any cause why this *Motion* [to dismiss and/or for more definite statement filed by Janssen] should not be granted," an Order is due to be entered dismissing Plaintiff's claims against Janssen with prejudice. That Plaintiff is proceeding pro se should be of no consequence. While a pro se litigant's pleadings are to be liberally construed and are held to a less stringent standard, *see, e.g., Trawinski v. United Technologies*, 313 F.3d 1295, 1297 (11th Cir. 2002), a plaintiff is not excused from compliance with fundamental rules of procedure simply because he

3

is proceeding pro se. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995).  A pro se litigant must also meet any deadlines set by the Court.  *See Wayne v. Jarvis,* 197 F.3d 1098, 1106-07 (11th Cir. 1999) (pro se plaintiff not excused from failure to conduct discovery within deadlines set by Court).  Moreover, the practice of liberally construing filings made by pro se litigants

> does not give a court license to serve as *de facto* counsel for a party, *see Hall v. Bellman*, 935 F.2d, 1106, 1109 (10th Cir. 1991), or to rewrite an otherwise deficient pleading in order to sustain an action, *see Pontier v. City of Clearwater*, 881 F.Supp 1565, 1568 (M.D. Fla. 1995).

*GJR Investments, Inc. v. County of Escambia, Fla,* 132 F.3d 1359, 1369 (11th Cir.1998).

Plaintiff's failure to file a response to Janssen's well-taken Motion to Dismiss is, by itself, adequate grounds to grant Janssen's motion.

**2.     None Of Plaintiff's Recent Filings Shows Any Cause Why Janssen's Motion To Dismiss Should Be Denied.**

Janssen's Motion to Dismiss and supporting brief filed on August 3, 2005, establish the numerous deficiencies with the Complaint and show that Janssen should be dismissed with prejudice.  In extending the deadline for Plaintiff to file a response to Janssen's motion to dismiss from September 6 to September 20, 2005, the Court ordered: "Plaintiff's response should *either* show how the Complaint states a valid, legal claim from which relief can be granted, *OR*, clarify vague and ambiguous allegations against Defendant Janssen with an amended complaint setting forth a more definite statement of Plaintiff's claims."  *See* Order dated August 24, 2005.

In the filings Plaintiff has made since then, he has done neither.  Plaintiff has not shown how his Complaint states a valid, legal claim from which relief can be granted.  The Court has already denied Plaintiff's "Motion to Squash" and "Motion for Definitive Statement as

4

Requested." *See* Order dated September 9, 2005. Neither of these pleadings is intelligible, much less constitutes a showing that the Complaint states a valid, legal claim. The "Separation of Claim" also does not meet the requirements of the Court's Order. Plaintiff states: "PLAINTIFF MOVES THE COURT TO DISMISS THE DEFENDANTS MOTION TO DISMISS. . DO TO THE HIDEOUS NATURE OF THIS CASE..[sic]". Separation of Claim at 2. This sentence obviously does not respond appropriately to the Court's Order. Plaintiff further states: "PLAINTIFF HOLDS JANSSEN PHARMACEUTICA INC…FOR WRONGFULL DEATH,, NEGLIGENCE,, AND VIOLATING A PUBLIC TRUST…[sic]" *Id*. The quoted language also does not satisfy the Court's Order.

First, Plaintiff does not clarify whether he is proceeding as a representative of the deceased. Plaintiff nowhere alleges a claim other than on behalf of himself, individually. But, Plaintiff simply has no claim as an individual. *See Abner v. Mobile Infirmary,* 2005 WL 2090635 (11th Cir. (Ala.) 2005), *citing Hatas v. Partin,* 278 Ala. 65, 175 So.2d 759, 760-61 (Ala. 1965) (only personal representative of decedent may sue for wrongful death); *see also Ex parte Ghafary*, 738 So.2d 778, 779-80 (Ala. 1999). In *Ex parte Ghafary*, the Alabama Supreme Court held that a nonattorney executrix, acting pro se, could not represent interests of an estate in a wrongful death action against physicians. The Court explained that the estate was a separate legal entity with interests other than executrix's own, and the statute allowing a personal representative to serve as a named party in an action concerning an estate did not exempt the personal representative from the general rule prohibiting a nonlawyer from representing another person or separate legal entity. *Id*. at 780 (citing Ala. Code §§ 6-5-410, 34-3-6(a)). Thus, the complaint was a nullity and should have been dismissed. Mr. Caldwell, just as the plaintiff in *Ex parte Ghafary*, has no claim for wrongful death in his individual capacity in which he has commenced this action.

Second, even had plaintiff intended to allege claims in a representative capacity, the Complaint and the plaintiff's other recent filings, including the "Separation of Claim[,]" still do not state cognizable claims. As to Janssen, the Separation of Claim purports to state claims for (a) wrongful death, (b) negligence, and (c) "violating a public trust." There is no cause of action under Alabama law for "violating a public trust." No facts are alleged to support this vague statement, in any event. While Alabama does recognize causes of action for wrongful death and negligence, not a single fact is stated by Plaintiff that would support such claims. Plaintiff makes no allegation that the deceased even ingested its product, or that the product, if ingested, was in any manner defective, or that such product caused the decedent's death.

Moreover, under the Alabama Wrongful Death Statute, a claim will not lie absent some underlying negligence or other wrongdoing by the Defendant. *See* Ala. Code §6-5-410. Absent a specific factual allegation of negligence or other wrongdoing -- and Plaintiff's Complaint and other filings contain no such factual allegation -- there is no basis for either the wrongful death action or the negligence action to proceed.

On September 19, 2005, Plaintiff filed a "Motion to Add Joinder as Defendant." This motion is unintelligible. Plaintiff states that it is filed under Rule 18(b) of the Federal Rules of Civil Procedure, which allows joinder of remedies. Yet, it appears that Plaintiff may actually be attempting to amend the Complaint. Plaintiff states in the second paragraph of his motion that he "HOLDS THE DEFENDANTS … AND HEREBY <u>ADDS</u> CONSPIRACY, DISCRIMINATION, VIOLATING A PUBLIC TRUST, AND STRESS THAT WAS FORED UPON THE FAMILY MEMBERS OF FRED L. CALDWELL …." *See* Motion to Add Joinder as Defendant, at 1. (emphasis added.) To the extent this motion is an attempt to amend the Complaint, Plaintiff again failed to seek leave to amend as required by Rule 15(a). As with Plaintiff's other filings, the "Motion to Add Joinder as Defendant" does not state a single fact on

6

which any of the alleged claims might be based. The recently filed "Motiom [sic] For a Stay" also fails do respond to Janssen's Motion to Dismiss.

Plaintiff's recent filings, taken in their entirety, do not constitute a "short and plain statement of the claim showing that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). As a consequence, Janssen has not been given fair notice of the nature of the claims against it so it can properly frame an answer or defend itself. *See Sams v. United Food and Commercial Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989) (complaint must put opponent on notice of claims asserted). Because Plaintiff has been afforded ample opportunity to state his claims more specifically but has failed to do so, the Court should grant Janssen's Motion to Dismiss.

## **CONCLUSION**

Plaintiff has not responded to the Court's August 24, 2005, Order. He has not specified how the Complaint states a valid, legal claim or clarified his vague and ambiguous allegations against Defendant Janssen through an amended complaint. In spite of ample opportunity to correct these problems with his initial and subsequent filings, and repeated orders of the Court, he has failed to state a single fact upon which a claim against Janssen could be predicated. The Court should, therefore, enter an Order dismissing with prejudice Plaintiff's claims alleged against Janssen.

Respectfully submitted,

**/s/ JOSEPH P.H. BABINGTON**
FREDERICK G. HELMSING (HELMF6416)
JOSEPH P. H. BABINGTON (BABIJ7938)
RUSSELL C. BUFFKIN (BUFFR6510)
Attorneys for Defendant, Janssen
Pharmaceutica, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October, 2005, a true and correct copy of the foregoing was served by United States Mail, postage prepaid, properly addressed to:

Charlie Caldwell
Post Office Box 9288
Montgomery, Alabama  36108

U.S. Attorney General
Honorable Alberto Gonzales
950 Pennsylvania Avenue
Northwest
Washington, D.C. 20530

Department of Veterans Affairs
700 South 19th
Birmingham, Alabama  35233

Dr. William L. Holman
V.A. Medical Center
700 South 19th Street
Birmingham, Alabama  35233

Secretary of Veterans Affairs
Honorable R. James Nicholson
810 Vermont Avenue N.W.
Washington, D.C. 20420

U.S. Attorney
Leura Canary
One Court Square
Montgomery, Alabama  36101

/s/ JOSEPH P.H. BABINGTON
OF COUNSEL

Doc. 85589