IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN  DIVISION

| | | |
|---|---|---|
| CHARLIE CALDWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:05-CV-0611-MEF |
| | ) | [WO] |
| VETERANS ADMINISTRATION | ) | |
| HOSPITAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

After due consideration of the  dismissal motions filed for all defendants in this action, the court readily concludes and explains herein that each is due to be granted and this *pro se* action dismissed with prejudice.

## I.  BACKGROUND

### A.  *The Complaint*

On June 29, 2005, Charlie Caldwell ("Caldwell") paid the requisite filing fee to initiate *pro se* this action for $250 million dollars on the following-described allegations of a civil rights violation on June 30, 2003, at the Veterans Administration (VA) Hospital in Birmingham, Alabama:

> Fred L. Caldwell dieded [sic] in the VA Hospital of an illness that should have been detected long before it caused his death.  I am charging the above named defendants with discrimination, medical mal-practice [sic], wrong-full [sic] death and stress that was forced on the family members...  Plaintiff demands a trial by jury.

He designated three defendants: ***Department of Veterans Affairs Medical Center, Dr.***

*William L. Holman, and Janssen Pharmaceutical Company.*

Caldwell sets forth his complaint, filed solely in his individual capacity, on a two-page printed form organized in six numbered paragraphs for his (1) address and telephone number; (2) Name and address of defendants; (3) Place and (4) Date of alleged violation of civil rights; (5) the facts on which you base your allegation that your constitutional rights have been violated; and (6) Relief requested. Docketed as a civil rights action under 42 U.S.C.§ 1983, the complaint does not specify Caldwell's relationship to the decedent or the existence of any probate estate, and it omits altogether any jurisdictional allegations or factual statement detailing each defendant's culpable acts or omissions.

### B.   *Procedural Facts*

Pursuant to 28 U.S.C.§2679(d)(1) *the United States* has been duly substituted as party defendant for William L. Holman, M.D. (Doc.27 *Notice,* Sept. 9, 2005).

On August 3, 2005, ***Defendant Janssen Pharmaceutica Inc***., erroneously identified in the Complaint as "Janseen Pharmaceutical Company" (hereinafter "Janssen"), filed a *Motion to Dismiss*, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, *and/or Motion for More Definite Statement* (Doc.14) along with a supporting brief (Doc. 15). On the September 6 deadline set initially for his response, Caldwell filed a nonsensical *Motion to Squash* the dismissal motion (Doc.23) and an equally frivolous *Motion for Definitive Statement as Requested*(Doc. 24).[1] Prior to the extended deadline of September 20 , Caldwell

---

[1]The former motion consists solely of the following:

(continued...)

filed two similarly non-responsive pleadings: a *Separation of Claim* (Doc 31, Sept. 12) and

*Motion to Add Joinder as Defendant* (Doc. 32, Sept. 19).

The *United States' Motion to Dismiss*, filed on September 9, 2005 pursuant to Rule

12(b)(6), asserts "lack of subject-matter jurisdiction" for the purported claims against the

Veterans Administration Hospital (VA) and its physician. Caldwell filed no response in

opposition.[2]

---

[1](...continued)
> Plaintiff moves the court to squash,,Defendant Motion to Dismiss... Prusuant
> to Rule 59(g) of the state and federal rules of civil procedure
> > All such motions remains pending until ruled upon by the court,,, but
> shall not be ruled upon until the parties have had opportunity to be heard there
> on ......
> > Rule 38(a) of the federal Rules of Civil Procedure........Right
> Preserved.. The right of trial by jury as declared by the Seventh Amendment
> to the Constitution or as given by a statute of the United States shall be
> preserved to the parties inviolate ....

In the latter motion, Caldwell asserts:

> Traditionary Evidence:... Statement of fact based upon traditation, long
> standing reputation and statements made by a deceased person which are
> admissible to prove pedigree accident boundaries when no living witnesses
> are available to testify about such matters ..... (A) the autopsy report (B) Drug
> Digest for Stomack

(*punctuation and spellings in originals; full capitalization for all text in originals*)

[2]By Order filed September 12, the court set an October 7 deadline for submission of this
*Motion* without oral argument. (Doc. 30). Notwithstanding his failure to controvert either dismissal
motion, Caldwell maintained a steady pace of bootless filings:

> *Motion to Stay* (Doc. 33, Oct. 6);
> *Motion for Recusal of Magistrate Judge Boyd* (styled as a Motion to
> Dismiss; Doc. 37, Oct. 24);
> *Motion to Separate Defendant* (Doc. 39, Nov. 7); and

(continued...)

## II.  DISCUSSION

### A.  *Rule 12(b)(6) Standard of Review*

A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint, and dismissal should be granted under this rule only if the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *accord, Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Fuller v. Johannessen*, 76 F.3d 347, 349-350 (11th Cir. 1996). For the threshold review presented by a Rule 12(b)(6) motion, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974); *accord*, *Swierkiewicz v. Sorema, N.A.*, 515 U.S. 506, 515 (2002) ("Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits"); *Brandt v. Bassett*, 69 F.3d 1539, 1550 (11th Cir. 1995).

The court must accept as true the plaintiff's factual allegations, draw all reasonable inferences in the plaintiff's favor, and construe the pleadings liberally so as to do substantial justice. *Conley v. Gibson,* 355 U.S. at 48*; Hishon v. King & Spalding*, *id.; Fuller v. Johannessen*, 76 F.3d 3437, 349-350 (11th Cir. 1996); *Fed.R.Civ.P.* 8(f). Because Rule 8 requires only "notice" pleading, the plaintiff need not detail all relevant facts but must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."

---

[2](...continued)
        *Motion for Investigation* (Doc. 41, Dec. 14).

4

*Conley,* 355 U. S. at 47.  "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Id.* at 48*;  In re Southeast Banking Corp.,* 69 F.3d 1539, 1551 (11th Cir.1995).

### B.     *Defendant Janssen's Rule 12(b)(6) Motion*

Caldwell declined Defendant Janssen's proffered chance  to provide a much-needed "more definite  statement of [his] claims, pursuant to Rule 12(e) ..., based upon the ground that the Complaint is so vague or ambiguous with respect to the allegations against Janssen that it cannot reasonably be required to frame a responsive pleading."  (*Mot.* at 1).  The court thus proceeds to the merits of the alternative motion to dismiss the claims for failure to state a claim against Janssen upon which relief can be granted.

While the complaint is woefully deficient in its factual statement, Caldwell declares clearly his intent to allege the wrongful death of Fred Caldwell and claim damages therefor. Janssen properly challenges Caldwell's standing as Alabama's wrongful death statute authorizes such an action by only a decedent's "personal representative." *See* Ala. Code § 6-5-410.  If the court liberally construed Caldwell's generally stated allegations of culpability as sounding in medical malpractice – a clearly unwarranted interpretation due to the total lack of any supporting allegations of fact implicating Janssen, *see* Ala. Code §6-5-551 –  he would still be an improper plaintiff for injuries suffered by Fred Caldwell.  Similarly, Caldwell's stated "charge" of all defendants with "discrimination" is not embellished with any substantive factual claims sufficient to establish his right to maintain – for himself or for

5

Fred Caldwell –  any cognizable federal claim of discrimination.

The court readily discerns in Caldwell's complaint against Janssen no "fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Indeed, it alleges no facts at all particularized to Janssen, and what is stated makes it clear beyond any doubt that Charlie Caldwell can prove  no set of facts against Janssen in support of his generally stated claim of liability for the death of Fred Caldwell which would entitle Charlie Caldwell to relief.  Dismissal with prejudice under Rule 12(b)(6) is thus warranted**.**

### *C.*   *United States' Motion to Dismiss*

The same deficiencies which dictate dismissal of the complaint against Defendant Janssen also apply to the dismissal motion filed for the governmental defendants. The court rests its ruling, however, on a narrower dispositive ground which is jurisdictional. Irrespective of his standing, Charlie Caldwell seeks damages against the United States  for alleged, albeit vaguely stated, torts attributed to the VA Hospital in Birmingham and its Chief of Cardiothoracic Surgery arising from care rendered to Fred Caldwell.  Such an action against the United States is governed jurisdictionally by 28 U.S.C §2679(d)(4) and may proceed only as an action under the Federal Tort Claims Act, 28 U.S.C §§1346(b), 2671-2680 ("FTCA").  Because Caldwell indisputably did not present an administrative claim to the appropriate federal agency as required by the FTCA, this court lacks subject-matter jurisdiction. [3]

---

[3]The United States also notes correctly that the VA is an improper party-defendant. (*Mot.*, (continued...)

6

### III.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that :

1.  defendant Janssen's *Motion to Dismiss and/or Motion for More Definite Statement* (Doc.14) be GRANTED to the extent of the Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim for which relief can be granted;

2.  the *United States' Motion to Dismiss* pursuant to Rule 12(b)(6) (Doc. 26) be *GRANTED* for lack of subject matter jurisdiction;

3.  the claims against all defendants be DISMISSED with prejudice;

4.  this action be DISMISSED with prejudice.

IT IS FURTHER ORDERED that the parties file any objections to this *Recommendation* not later than January 27, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.   The parties are advised that this *Recommendation* is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v.*

---

[3](...continued)
¶ 8 at 3).

*Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661

F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former

Fifth Circuit handed down prior to the close of business on September 30, 1981

      Done this 12th day of January, 2006.

                         **/s/ Delores R. Boyd**
                         DELORES R. BOYD
                         UNITED STATES MAGISTRATE JUDGE